UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMRON D. BROWN,<br><br>Movant,<br><br>v.<br><br>UNITED STATES of AMERICA,<br><br>Respondent. | Case No. 1:20-cv-00064-BLW<br>1:17-cr-00107-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it *pro se* Petitioner Camron D. Brown's Petition to Vacate, Set Aside, or Correct Sentence brought under 28 U.S.C. § 2255. Civ. Dkt. 1. The Government has filed a response. Civ. Dkt. 9. Having reviewed the record, the Court has determined that the evidence is sufficient for a decision on this matter and an evidentiary hearing is not necessary. For the reasons discussed below, the Court will deny Brown's motion.

## BACKGROUND

In June of 2018, Camron Brown was sentenced to 264 months incarceration after pleading guilty to committing a series of armed robberies in Boise, Idaho between February and March of 2017. *See Plea Agreement*, Crim. Dkt. 36 at 3-4. Brown has now filed a petition under 28 U.S.C. § 2255, alleging ineffective

assistance of counsel at several stages of the proceedings.

On May 9, 2017, a six count indictment was filed against Brown alleging one count of possession of a stolen firearm, two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, and three counts of interference with commerce by robbery. *PSR*, Crim. Dkt. 46 at 4. On March 6, 2018, a seven count superseding information was filed, alleging six counts of interference with commerce by robbery and one count of brandishing a firearm during and in relation to a crime of violence. *PSR*, Crim. Dkt. 46 at 4. Brown pled guilty to the superseding information. The signed plea agreement provided a sentencing recommendation of 264 months and included a waiver of Brown's right to appeal. Brown orally acknowledged the waiver of appeal during his change of plea hearing on March 13, 2018. *Tr.*, Crim. Dkt. 49 at 21.

The Court accepted Brown's guilty pleas pursuant to the Rule 11(c)(1)(C) plea agreement and sentenced him to 264 months incarceration, 3 years supervised release, a $700 special assessment, and $6,808.26 in restitution. *Tr.*, Crim. Dkt. 61 at 25-26.

Brown filed a *pro se* notice of appeal on July 9, 2018. Crim. Dkt. 54. CJA counsel Greg Silvey was appointed to represent Brown in his appeal proceedings on July 20, 2018. Brown's appeal was dismissed by the Ninth Circuit on March 14, 2019 "in light of the valid appeal waiver". *Order*, Crim. Dkt. 18 at 1 (citing *United*

*States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011)) (knowing and voluntary appeal waiver whose language encompasses the right to appeal on the grounds raised is enforceable).

Brown has now timely filed a petition under 28 U.S.C. § 2255, alleging ineffective assistance of counsel by appellate counsel for not directly appealing the ineffectiveness of his pre-trial counsel, ineffective assistance of counsel by his pre-trial counsel for allowing him to plead guilty without Brown understanding the case, and prosecutorial misconduct.

## LEGAL STANDARD

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may

summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

## ANALYSIS

### A.      Ineffective Assistance of Counsel

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. Specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *see also Bell v. Cone*, 535 U.S. 685, 695 (2002).

The Court must apply a strong presumption that counsel's representation fell within the "wide range" of reasonable professional assistance. *Harrington v. Richter*, 562 U.S. 86, 104 (2011). "The defendant bears the burden of overcoming the strong presumption that counsel performed adequately." *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010). Even if a petitioner can demonstrate the first prong, they must also show that prejudice resulted from counsel's deficient performance. *Strickland*, 466 U.S. at 694.

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the Strickland test in either order. *See Strickland*, 466 U.S. at 697. Furthermore, the Court need not consider one component if there is an insufficient showing of the other. *Id.*

### 1. Appellate Counsel

Brown first alleges that his appellate counsel was ineffective by refusing to raise claims of ineffective assistance of counsel and prosecutorial misconduct on appeal. *See Def.'s Motion*, Civ. Dkt. 1 at 4-5. Ineffective assistance of counsel claims are generally inappropriate on direct appeal because they require the development of factual issues not available on the appellate record. *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000). Such claims are properly raised in habeas corpus proceedings, and are only reviewed on direct appeal: (1) "when the record on appeal is sufficiently developed to permit review and determination of the issue," or (2) "when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Id.* (quoting *United States v. Robinson*, 967 F.2d 287, 290 (9th Cir. 1992)).

Here, the record on appeal did not support any ineffective assistance of counsel claim, such that the claim could properly be considered on direct appeal. Appellate counsel, Greg Silvey, explained this to Brown in a letter dated October 15, 2018. Dkt. 1-1 at 3-4.

Where the claims were frivolous and not properly raised on appeal, counsel did not have a constitutional duty to raise them. *See Jones v. Barnes*, 463 U.S. 745, 754 (holding that defense counsel assigned to prosecute an appeal from a criminal conviction does not have a constitutional duty to raise every "colorable" claim suggested by a client). Moreover, the evidence suggests that Silvey discussed with Brown why the ineffective assistance of counsel claim and the prosecutorial misconduct claims could not be raised on appeal, and that Brown agreed to proceed with appealing the sole issue ultimately raised on appeal by Silvey. Thus, Brown has not met his burden of showing that Silvey performed inadequately, and Brown's ineffective assistance of counsel claim fails with respect to appellate counsel.

### 2. Pre-trial Counsel

Brown next alleges that pre-trial counsel was deficient in advising him to plead guilty without Brown having knowledge and understanding of the case. *See Def.'s Motion*, Civ. Dkt. 1 at 6. However, this claim is directly contradicted by the record. At Brown's change of plea hearing, he confirmed that he had had adequate time to discuss the case with his attorney and was satisfied with his representation that had been provided. *Tr.*, Crim. Dkt. 49 at 4. Brown also affirmed that he had not been threatened, forced, or otherwise induced to plead guilty, that he went over each portion of the plea agreement with his attorney before signing, that his

attorney had answered any questions he had, and that he had fully understood each portion of the plea agreement prior to signing—including his waiver of appeal rights. *Tr.*, Crim. Dkt. 49 at 20-21. Further, by signing a plea agreement, Brown avoided a potential mandatory minimum sentence of 132 years if convicted.

Brown's bare allegations that he did not understand the case are insufficient to state a claim upon which he would be entitled to relief on his ineffective assistance of counsel claim. To the extent that Brown argues that pre-trial counsel was ineffective by convincing him to plead guilty, the Court is not persuaded that counsel's advice was improper in light of the potential mandatory minimum sentence. It is plain from the record that pre-trial counsel did not fall below an objective standard of reasonableness.

### B. Prosecutorial Vindictiveness

Finally, Brown argues that his rights were violated by the prosecutor in the case, Christian Nafzger. Brown asserts that "Prosecution retaliated when I was exercising my legal rights; statutory and constitutional rights. I was not in full understanding under duress and distress when threatened by prosecution." *Def.'s Motion*, Civ. Dkt. 1 at 5. The only evidence Brown points to is an email from Nafzger to Brown's attorney at the time, Elisa Massoth, where Nafzger, in discussing the stipulated sentence under the plea agreement, said that it was "[m]uch better than dying in prison." Dkt. 1-1 at 12. This statement plainly refers

to the potential mandatory minimum that Brown faced if convicted. "The mere assertion of prosecutorial misconduct is not in itself sufficient to raise a triable issue of fact." *United States v. Veatch*, No. 96-15057, 1997 WL 418886, at *3 (9th Cir. July 24, 1997). The Court finds that Brown has not stated a claim for relief.

## CONCLUSION

Brown's conclusory allegations, unsupported by the record, are insufficient to state a claim of ineffective assistance of counsel. Accordingly, the Court finds that it plainly appears from the face of the § 2255 Motion, together with the Government's Response and record, that Brown's allegations lack in merit and he is not entitled to relief.

## ORDER

IT IS ORDERED that:

1. Petitioner's Motion for Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1, Crim. Dkt. 65) is **DISMISSED** with prejudice.

DATED: May 11, 2022

B. Lynn Winmill
U.S. District Court Judge