UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMRON D. BROWN,<br><br>Petitioner-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent-Appellee. | Case No. 1:20-cv-00064-BLW<br>         1:17-cr-00107-BLW-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

This case comes before the Court on remand for the limited purposes of (1) ruling on Petitioner's request to reopen the time to file an appeal and (2) determining whether to issue a certificate of appealability. As explained below, the Court will grant Petitioner's motion to reopen the time to appeal but will not issue a certificate of appealability.

## BACKGROUND

In June of 2018, Camron D. Brown was sentenced to 264 months incarceration after pleading guilty to a series of armed robberies. *See Plea Agreement* at 3-4, Crim. Dkt. 36. Brown then filed a petition under 28 U.S.C. § 2255 in February of 2020, alleging ineffective assistance of pretrial and appellate

counsel, and prosecutorial misconduct. Civ. Dkt. 1. On May 11, 2022, the Court entered an order and judgment denying Brown's petition. Civ. Dkt. 10.

On August 15, 2022, Brown filed a notice of appeal explaining that he had not receive timely notice of the Judgment. Dkt. 13. In an order issued October 19, 2022, the Ninth Circuit stated that because Brown is proceeding pro se, his untimely notice of appeal should be construed as a motion to reopen the time to appeal. Dkt. 16. Accordingly, the Ninth Circuit remanded the case back to this Court for the limited purposes of (1) ruling on Brown's request to reopen the time to appeal and (2) determining whether to issue a certificate of appealability. The Court now takes up these tasks.

## ANALYSIS

1. **Reopening the Time to File an Appeal**

To appeal the denial of a § 2255 petition, a prisoner must file a notice of appeal within sixty days after the entry of judgment. Fed. R. App. P. 4(a)(1)(B). Ordinarily, a lack of actual knowledge that judgment was entered has no effect on the deadline for filing a notice of appeal. *See* Fed. R. Civ. P. 77(d)(2). But there is a "limited exception" set forth in Federal Rule of Appellate Procedure 4(a)(6). *Nguyen v. Sw. Leasing & Rental Inc.*, 282 F.3d 1061, 1064 (9th Cir. 2002). This exception gives a district court discretion to reopen the time to file an appeal if:

    (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

    (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

    (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Here, all three elements are satisfied. First, this Court finds that Brown did not receive notice of the entry of judgment until August 9, 2022, because his mailing address was not updated when he moved to a new facility. Civ. Dkt. 12. Second, Brown's request to reopen the time to appeal was filed within 180 days after judgment was entered. And third, no party would be prejudiced if the Court grants the request. The Court will therefore exercise its discretion and grant Brown's request to reopen the time to appeal.

## 2. Certificate of Appealability

A federal habeas petitioner may only appeal the denial of his petition if a certificate of appealability is issued under 28 U.S.C. § 2253(c). A court, in turn, will only issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Brown has made no such showing. As explained in the Order denying

**MEMORANDUM DECISION AND ORDER - 3**

Brown's petition (Dkt. 10), neither of his claims carry weight. First, his effectiveness-of-counsel challenges lack any support in the record. At sentencing, Brown confirmed that he fully understood the plea agreement and expressed satisfaction with his pretrial attorney. Moreover, Brown avoided a 132-year mandatory minimum by signing the plea agreement, and there is simply no reason to believe that his attorney's efforts in reaching that agreement were ineffective or prejudicial. Brown's claim of prosecutorial misconduct is also meritless. He points only to an email comment from the U.S. Attorney to the effect that agreeing to the plea would be "[m]uch better than dying in prison." Dkt. 1-1 at 12. This passing remark about the mandatory minimum comes nowhere near demonstrating prosecutorial misconduct.

Because Brown has not made a "substantial showing of the denial of a constitutional right," the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion to reopen the time to appeal is **GRANTED**.

2. No certificate of appealability shall issue. If Petitioner wishes to proceed to the United States Court of Appeals for the Ninth Circuit,

MEMORANDUM DECISION AND ORDER - 4

he must seek a certificate of appealability from that court in accordance with Federal Rule of Appellate Procedure 22(b).

DATED: April 10, 2023

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5